## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | |
|---|---|---|
| | | 3-CR-15-214 |
| v. | : | |
| | | (JUDGE MANNION) |
| ARTHUR TAYLOR, | : | |
| | : | |
| Defendant | | |

## MEMORANDUM

Before the court in this case with charges of sex trafficking, distribution of illicit drugs, interference with commerce by robbery and felon in possession of a firearm is the pre-trial motion to sever offenses filed by defendant Arthur Taylor, a/k/a "Arty". (Doc. 699). Taylor seeks to sever for trial two counts from the other counts charged in the Third Superseding Indictment under Fed.R.Crim.P. 8 and 14. For the reasons set forth below, the court will **DENY** Taylor's motion to sever.

## I. BACKGROUND[1]

On August 28, 2018, Taylor, along with Jordan Capone, were indicted and charged in a Third Superseding Indictment ("TSI"). (Doc. 690). Taylor was charged with eight counts, namely, Counts 1, 3, 4, 5, 6, 7, 8, and 9, namely: conspiracy to distribute in excess of 100 grams of heroin, crack cocaine,

---

[1] Since the court stated the background of this case in its April 26, 2018 Memorandum, (Doc. 625), it will not be fully repeated herein.

1

molly, Percocet, and marijuana, 21 U.S.C. §846; conspiracy to commit sex trafficking by force and coercion, 18 U.S.C. §1594(c); four substantive counts of sex trafficking by force and coercion, 18 U.S.C. §1591(a) and (b)(1) and (2); one count of conspiracy to interfere with commerce by robbery, 18 U.S.C. §1951(a), (Count 8), and one count of unlawful possession of a firearm by a convicted felon,18 U.S.C. §922(g)(1), (Count 9).

On September 5, 2018, Taylor and Capone were arraigned and pled not guilty to all counts of the TSI against them. (Doc. 701). On September 5, 2018, Taylor filed his motion to sever Counts 8 and 9 from the other counts contained in the TSI, essentially seeking a separate trial for Counts 8 and 9. (Doc. 699). Taylor simultaneously filed his brief in support of his motion. (Doc. 700). After being granted an extension of time, the government filed its brief in opposition on October 1, 2018. (Doc. 708). Taylor's motion has been fully briefed.

The trial has been continued to January 28, 2019 upon request of Taylor and Capone. (Docs. 735 & 736).

## II.  LEGAL STANDARD

The purposes of Rules 8(b) and 14 are "to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial." Bruton v. United States, 391 U.S. 123, 131 n. 6, 88 S.Ct. 1620 (1968). Federal Rule of Criminal Procedure 8 addresses the joinder of

offenses and defendants and provides:

> (a) Joinder of Offenses. The indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged - whether felonies or misdemeanors or both - are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.
>
> (b) Joinder of Defendants. The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

The court in U.S. v. Adens, 2015 WL 894205, *1 (E.D.Pa. Feb. 27, 2015), explained Rule 8 as follows:

> When multiple defendants are charged in a single case, as here, Rule 8(b) governs both the proper joinder of defendants and the proper joinder of offenses. *See* United States v. Irizarry, 341 F.3d 273, 287 (3d Cir. 2003). Rule 8(b) does not expressly allow the joinder in a single indictment of acts that are "of the same or similar character" as does Rule 8(a), *see id.* at 287 n. 4, but Rule 8(b)'s terms are broadly construed so that a "transactional nexus," *see id.* at 241, or a logical relationship between charges, is all that is required for them to be considered part of the same "transaction." *See* United States v. Hills, No. 08–654–1, 2009 WL 2461735 (E.D.Pa. Aug.10, 2009). To determine whether there is a logical relationship between charges, trial judges may look at pre-trial documents, including but not limited to the indictment. *See* United States v. McGill, 964 F.2d 222, 242 (3d Cir.1992).

Thus, there is not a misjoinder under Rule 8 if "the temporal proximity of and substantive similarities between the [two sets of charges] render them sufficiently related as to have the 'transactional nexus' required for joinder." Adens, 2015 WL 894205, *3; *see also* United States v. Jones, 2016 WL 3067010, *26 (W.D.Pa. June 1, 2017) ("Rule 8 authorizes joinder of charges

3

if they are of a similar character, are based on the same act or transaction, or are part of a common scheme.").

However, [i]f joinder is improper under Rule 8, the Court must order separate trials." Adens, 2015 WL 894205, at *2 (citing United States v. Walker, 657 F.3d 160, 170 (3d Cir. 2011) ("Rule 8 requires severance where defendants were improperly joined."). Even if defendants are properly joined under Rule 8 , "the Court may sever defendants or offenses under Rule 14 '[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together.'" Id. (citing Fed.R.Crim.P. 14). Further, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. (quoting Zafiro v. United States, 506 U.S. 534, 539, 113 S.Ct. 933 (1993)).

There is a "heavy" burden on the defendant to show "clear and substantial prejudice resulting in a manifestly unfair trial." Id. (quoting United States v. Eufrasio, 935 F.2d 553, 568 (3d Cir. 1991)). Additionally, "[e]ven when the risk of prejudice is high, less drastic measures than severance (such as limiting instructions) 'often will suffice to cure any risk of prejudice.'" Id. (quoting Zafiro, 506 U.S. at 539). As such, "the appropriate question for the Court on a motion under Rule 14 is whether the jury can 'reasonably be expected to compartmentalize the evidence as it relates to the separate defendants in view of its volume and limited admissibility.'" Id. (quoting United

4

States v. Serubo, 460 F.Supp. 689, 694 (E.D.Pa. 1978)); *see also* Jones, 2016 WL 3067010, *26 ("Rule 14 provides the court discretion to order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires, if joinder of offenses appears to prejudice either the defendant or the government.") (citations omitted).

### III. DISCUSSION

In addition to the drug and sex trafficking conspiracies charged in the TSI, Taylor is charged in Count 8 of the TSI with conspiracy to interfere with commerce by robbery. In Count 8, the government alleges that on August 26, 2013, Taylor ordered six people to commit an armed robbery of a residence in the Emerald Lakes Development in Tobyhanna Township, Monroe County, Pennsylvania, because it supposedly contained a large amount of marijuana and cash. In Count 9 of the TSI, Taylor is charged with unlawful possession of a firearm by a convicted felon, alleging that he knowingly possessed a .38 caliber handgun and a .357 magnum and, that these firearms were used in the home robbery. Taylor argues that while the charges in Counts 1, 3, 4, 5, 6, and 7 are alleged to be transactionally related to each other or part of a common scheme and plan, these charges are not part of the same criminal act and are not related to the two charges against him in Counts 8 and 9 of the TSI. Taylor also indicates that the charges in Counts 8 and 9 are alleged to be only connected to each other. He also points out that the government does not allege the firearms were related to drug trafficking or sex trafficking

5

charges. Taylor further states that "[t]he government cannot credibly allege that any evidence it intends to introduce to show that [he] was involved in drug trafficking and sex trafficking could also prove that he conspired to interfere with interstate commerce by robbery or unlawfully possessed firearms used in the robbery."

The Third Circuit in U.S. v. Heilman, 377 Fed.Appx. 157, 202 (3d Cir. 2010), explained when offenses may be joined and stated:

> [C]ounts are similar if they are "somewhat alike" or share "a general likeness," or otherwise have a sufficient logical connection and can be tried using the same evidence. *See* United States v. Rivera, 546 F.3d 245, 253 (2d Cir. 2008); United States v. Graham, 275 F.3d 490, 512 (6th Cir. 2001) ("[W]hen the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate."). Moreover, offenses may be joined if they occurred within a relatively short period of time of each other and the evidence of each overlaps. *See* United States v. Donaldson, 978 F.2d 381, 391 (7th Cir. 1992).

When determining the propriety of joinder of offenses, the court can consider the face of the indictment, Irizarry, 341 F.3d at 287, as well as pretrial documents that show the factual connections between the counts and "any offers of proof submitted by the government." United States v. Avila, 610 F. Supp. 2d 391, 395 (M.D.Pa. 2009).

Here, the court finds that all of the offenses against Taylor were properly joined in the TSI. As the government points out "[t]he 'Manner and Means' section of the [TSI] alleges that the defendant Arthur Taylor participated in a street gang known as the Black P-Stones who obtained and distributed illegal drugs, maintained, possessed and carried firearms in connection with drug

6

trafficking activities, and who committed home invasions and robberies to steal drugs and money from other drug dealers." The TSI also alleges that Taylor and his co-conspirators "maintained, possessed, and carried firearms in connection with their drug trafficking activities."

Specifically, the government states that:

The conspiracy to interfere with commerce by robbery charge alleged in Count 8 against Taylor involved Taylor and other members of the Black P-Stones planning and committing an armed home invasion for the purpose of stealing drugs and money from a known drug dealer. Committing a home invasion to rob a drug dealer is part of the "manner and means" by which the drug conspiracy operated.

The government proffers that at trial "cooperating witnesses will testify that as members of the Black P-Stones they were ordered by the gang's leadership to rob other drug dealers."

Additionally, the government proffers, (Doc. 708 at 9), that its evidence at trial will show further connections between Counts 8 and 9 with the other counts based on the following:

The home invasion robbery scheme occurred within the time frame of the drug trafficking activities of Taylor, Capone, and the Black P-Stones street gang as alleged in the indictment and involved the use of a firearm that cooperating witnesses say Taylor provided to the Black P-Stone members who did the home invasion. Cooperating witnesses will testify that Jordan Capone maintained guns for the Black P-Stones and that Arthur Taylor provided a gun to the gang members who committed the home invasion robbery charged in Count 8. Taylor in his own recorded statement to the FBI admitted to possessing a gun that the P-Stones called "Jordan," admitted that other members of the Black P-Stones asked him for the gun on the day of the home invasion robbery, admitted to possessing two shotguns, and stated that the P-Stones obtained guns by trading heroin for them.

7

The fact that the government indicates the offenses charged in Counts 1, 8 and 9 occurred within the same time frame is also relevant. In Walker, 657 F.3d at 170, the Third Circuit found that joinder of offenses was proper where the close proximity in time between offenses showed "that the various charges were part of the same series of transactions." *See also* Green, 563 Fed.Appx. at 917 (the Third Circuit found that "[t]he approximate month-long time period between each robbery d[id] not militate against joinder," and stated that "charges separated by 'a period of a little over a month ... suggests that the various charges were part of the same series of transactions.'" (quoting Walker, 657 F.3d at 170)). Thus, the court finds a sufficient temporal proximity between the drug trafficking offense and the home robbery and firearms offenses which Taylor seeks to sever, and suggests that these offenses were part of the same series of transactions.

Moreover, at trial, the government will rely upon Taylor's own recorded statement in which he allegedly admitted "to possessing at least three firearms" and acknowledged "that the P-Stones obtained the firearms by exchanging drugs for them." Further, the government represents that "Taylor admitted to possessing a firearm that another P-Stone member wanted to use in connection with the scheme to rob a drug dealer charged in Count 8", and that "[c]ooperating witnesses will testify that Taylor provided a gun to use in the home invasion robbery." Thus, the government will present evidence at trial to show "[r]obbing other drug dealers and maintaining, possessing, and carrying firearms, as Taylor is accused of in Counts 8 and 9, are therefore

8

directly intertwined with the drug trafficking conspiracy that is charged in Count 1." The government will also present evidence at trial to show that "[p]ossessing and carrying firearms and conducting robberies were two of the means by which [Taylor] and his co-conspirators operated their drug trafficking business."

As such, the court finds that the interference with commerce by robbery charge and the felon in possession of firearms charge in Counts 8 and 9 are connected and parts of a common scheme with the sex trafficking and drug trafficking charges in the other counts. Indeed, as this court recently pointed out in United States v. Torner, 2018 WL 3546561, at *6 (M.D. Pa. July 24, 2018), "this court is well aware that firearm offenses and drug offenses often go hand in hand and that drug trafficking can show the defendants' motive for possessing illegal firearms." (citing United States v. Stanton, 2013 WL 529930, at *7 (W.D.Pa. Feb. 11, 2013) (court indicated that firearms were the "tools of the drug trade.")).

Since the court has found that the charges against Taylor in Counts 8 and 9 were properly joined with the other charges in the TSI against him under Rule 8(b), the court must now determine if Taylor will be prejudice by the joinder under Rule 14(a). "Rule 14(a) allows for the severance of properly joined offenses if a consolidated trial 'appears to prejudice a defendant.'" Green, 563 Fed.Appx. at 917. "Whether to sever is a determination within the sound discretion of the trial judge." U.S. v. Owens, 187 F.Supp.3d 488, 496 (M.D.Pa. 2016) (citation omitted).

9

In Green, 563 Fed.Appx. at 917, the Third Circuit stated:

> To prevail on a severance claim, a defendant must "pinpoint clear and substantial prejudice resulting in an unfair trial." Id. (quoting United States v. McGlory, 968 F.2d 309, 340 (3d Cir. 1992)). This requires more than showing "severance would have increased the defendant's chances of acquittal." McGlory, 968 F.2d at 340. Rather, "the question of prejudice hinges upon 'whether the jury will be able to compartmentalize the evidence as it relates to separate defendants in view of its volume and limited admissibility.'" Walker, 657 F.3d at 170 (quoting United States v. Davis, 397 F.3d 173, 182 (3d Cir. 2005)). Because juries are presumed to follow instructions, jury instructions are "persuasive evidence that refusals to sever did not prejudice the defendant[ ]." Id. at 171 (citing United States v. Lore, 430 F.3d 190, 206 (3d Cir. 2005)).

Taylor contends that Counts 8 and 9 should be severed from the other charges against him in the TSI based on the prejudicial effect of joining these two charges with the other unrelated charges and, that he should have a separate trial for these two counts which only have a nexus to each other. He also argues that "there is virtually no overlap of evidence between the claims asserted in Counts 8 and 9 and the remaining counts of the [TSI], and [he] will be confounded in presenting separate defenses to multiple alleged conspiracies." Taylor maintains that only separate trials will eliminate the manifest prejudice to him since any evidence that the government will present regarding the offenses charged in Counts 8 and 9 will be inadmissible in the trial regarding the drug trafficking and sex trafficking charges in the other counts, and vice versa.

Taylor also speculates that the jury may consider the evidence presented by the government against him regarding the drug and sex

trafficking charges "to infer [his] criminal disposition" and to instill "a latent hostility in the [juror's] minds toward [him]" and, then use this evidence to convict him of the charges in Counts 8 and 9. Taylor contends that he will suffer "clear and substantial" prejudice if Counts 8 and 9 are not severed from the other charges since there is no "evidence of a common scheme, design or plan involving the alleged drug and sex trafficking conspiracies and the alleged Hobbs Act robbery conspiracy and felon in possession charges."

As discussed above, the drug trafficking and sex trafficking charges and the home robbery and firearms charges in Counts 8 and 9 have a connection between them. Further, based on the above, the court finds that Taylor fails to "pinpoint clear and substantial prejudice resulting in an unfair trial" if all of the offenses he is charged with in the TSI are joined in one trial. No doubt that "[m]ere allegations of prejudice are not enough." United States v. Reicherter, 647 F.2d 397, 400 (3d Cir. 1981).

Moreover, insofar as Taylor argues that Counts 8 and 9 should be severed from the other charges against him and that he should have a separate trial for Counts 8 and 9 since this will make it more likely that the jury will acquit him of these charges, it is clear that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials." U.S. v. Urban, 404 F.3d 754, 775 (3d Cir. 2005) (quoting Zafiro, 506 U.S. at 540).

The court finds that a limiting jury instruction will be sufficient for the jury to be able to compartmentalize the evidence and the relatively uncomplicated

charges against Taylor, which is the proper inquiry under Rule 14(a). *See United States v. Torner, supra*.

In order to minimize any alleged prejudice to Taylor, the court will give the jury the following limiting instruction, which the Third Circuit found appropriate in Heilman, 377 Fed.Appx. at 203:

> "The number of offenses charged is not evidence of guilt and this should not influence your decision in any way. Each count and the evidence pertaining to it must be considered separately. The fact that you may find a defendant not guilty or guilty as to one of the offenses charged in the [first] superseding indictment should not control your verdict as to the other offenses charged in the [first] superseding indictment."

*See also* Urban, 404 F.3d at 776 (Third Circuit "presume[s] that the jury follows such [limiting] instructions).

The court will also consider any other requested instruction related to this issue that is submitted by the parties.

Thus, the court finds that Taylor has failed to meet "the 'heavy' burden of showing 'clear and substantial prejudice resulting in a manifestly unfair trial'" if Counts 8 and 9 are not severed from the other counts against him. *See Adens, supra*. As such, Taylor's motion seeking the court to sever and have a separate trial for Counts 8 and 9 will be denied.

## IV. CONCLUSION

Based on the foregoing, the court will **DENY** Taylor's pre-trial motion to sever Counts 8 and 9 form the other charges against him in the TSI. **(Doc. 699)**. An appropriate order will issue.

S/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 7, 2018**

O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2015 CRIMINAL MEMORANDA\15-0214-04.wpd