# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | **3-CR-15-214** |
| v. : | |
| | **(JUDGE MANNION)** |
| **ARTHUR TAYLOR and,** : | |
| **JORDAN CAPONE,** | |
| : | |
| **Defendants** | |

## MEMORANDUM

Before the court in this case with charges of sex trafficking, distribution of illicit drugs, interference with commerce by robbery, and felon in possession of a firearm is the joint pre-trial motion in limine filed by defendants Arthur Taylor, a/k/a "Arty", and Jordan Capone, a/ka "Angel". (Doc. 730). Defendants seek to introduce evidence of prior and subsequent prostitution-related acts by the government's victim witnesses as an exception under FRE 412. The government opposes the motion arguing that defendants should be barred from offering any evidence at trial regarding alleged sexual activities of its sex trafficking victim witnesses except with respect to the defendants' cross examination of these witnesses about their prostitution activities for defendants and other members of the Black P-Stones. The government contends that the other acts of prostitution by its witnesses not related to the charges in this case are precluded under FRE 412 as "prior or subsequent" or "other" sexual behavior. For the reasons set forth below, the court will **DENY** defendants' motion in limine.

1

## I.    BACKGROUND[1]

On August 28, 2018, Taylor, along with Jordan Capone, were indicted and charged in a Third Superseding Indictment ("TSI"). (Doc. 690). Taylor was charged with eight counts, namely, Counts 1, 3, 4, 5, 6, 7, 8, and 9. Taylor was basically charged with: conspiracy to distribute in excess of 100 grams of heroin, crack cocaine, molly, Percocet, and marijuana, 21 U.S.C. §846; conspiracy to commit sex trafficking by force and coercion, 18 U.S.C. §1594(c); four substantive counts of sex trafficking by force and coercion, 18 U.S.C. §1591(a) and (b)(1) and 2; one count of conspiracy to interfere with commerce by robbery, 18 U.S.C. §1951(a); and one count of unlawful possession of a firearm by a convicted felon,18 U.S.C. §922(g)(1).

Capone was charged with conspiracy to distribute in excess of 100 grams of heroin, crack cocaine, molly, Percocet, and marijuana, 21 U.S.C. §846; possession with intent to distribute molly, 21 U.S.C. §841(a)(1); conspiracy to commit sex trafficking by force, fraud, and coercion, 18 U.S.C. §1594(c); and four substantive counts of sex trafficking by force, fraud, and coercion, 18 U.S.C. §1591(a) and (b)(1) and 2.

In particular, both defendants are charged with conspiracy to commit sex trafficking by force, fraud, and coercion in Count 3. Count 3 also contains a section that specifies 15 overt acts which were allegedly committed in furtherance of the conspiracy as well as the relevant dates that the overt acts

---

[1]Since the court stated the background of this case in its April 26, 2018 Memorandum, (Doc. 625), it will not be fully repeated herein.

were committed. The TSI also alleges that the defendants conspired to violate §1591 and maintained four victim-witnesses by force to engage in commercial sex acts. In Counts 4-7, defendants are charged with substantive offenses of sex trafficking by force, fraud and coercion against the individual victims. (Doc. 690).

On September 5, 2018, Taylor and Capone were arraigned and pled not guilty to all counts of the TSI against them. (Doc. 701).

On October 11, 2018, defendants jointly filed their instant motion in limine to introduce prior and subsequent prostitution related evidence regarding the government's witnesses. (Doc. 730). Defendants simultaneously filed their brief in support of their motion. (Doc. 730-1). The government filed its brief in opposition on October 23, 2018. (Doc. 734). Defendants did not file a reply brief.

After the filing of the TSI, the court granted defendants' motion to continue the trial and re-scheduled it for January 28, 2019. (Docs. 735 & 736).

## II. LEGAL STANDARD

Defendants' motion in limine is filed pursuant to Fed.R.Evid. 412. "Rule 412 prohibits the admissibility of 'evidence offered to prove that a victim engaged in other sexual behavior' and 'evidence offered to prove a victim's sexual predisposition." United States v. Williams, 666 Fed.Appx. 186, 200 (3d Cir. 2016), *cert*. *denied*, 138 S.Ct. 121 (2017). "Rule 412 applies in cases involving 'alleged sexual misconduct,' conduct within the terms of the sex

3

trafficking statute [18 U.S.C. §1591]." Id. at 201. "The evidence ordinarily barred by Rule 412 is only admissible 'in designated circumstances in which the probative value of the evidence significantly outweighs possible harm to the victim.'" Id. There are three exceptions under Rule 412(b)(1) where evidence of alleged sexual misconduct may be admitted. Id. The applicable exception in this case falls under Rule 412(b)(1)(c), evidence whose exclusion would violate the defendant's constitutional rights. There are two constitutional rights at issue herein, namely, defendants' right to present a full defense under the Fifth Amendment's Due Process Clause and defendants' right to confront witnesses under the Sixth Amendment.

### III. DISCUSSION

Defendants contend that they should be permitted to offer evidence of prior and subsequent prostitution-related acts by the government's four victim-witnesses, identified as M.F., S.P., M.M., and K.E., as part of their rights under the Fifth and Sixth Amendments to offer a complete defense in their trial and to cross-exam and impeach witnesses. They argue that such evidence is admissible as an exception under FRE 412(b)(1)(C).

Defendants state that the information they received from the government during discovery indicated that M.F., S.P., M.M., and K.E. engaged in commercial sex acts before, during and after their alleged involvement with defendants. They also state that the discovery material indicated that three of the witnesses were recruited by the forth witness, S.P.,

4

to perform commercial sex acts for her as their madam. As such, defendants contend that they should be allowed to introduce this evidence at trial.

At the outset, the government does not challenge the defendants' ability to cross-examine its four victim witnesses about their acts of prostitution for defendants and other members of the Black P-Stones during the conspiracy alleged in the TSI. The government does however oppose defendants' request to introduce evidence and to cross-exam its victim witnesses regarding prostitution acts that they allegedly engaged in before and after the conspiracy charged in the TSI. Thus, the issue is whether a violation of the defendants' constitutional rights to a complete defense and to cross-examine witnesses will occur if defendants are not allowed to introduce such testimony and evidence against the government's four victim witnesses.

Defendants' rights under the Fifth and Sixth Amendments are not unlimited. Nor is the right to cross-examine witnesses unlimited. *See* United States v. Senat, 698 Fed.Appx. 701, 704 (3d Cir. 2017) ("The Confrontation Clause does not limit a district court's 'wide latitude ... to impose reasonable limits on such cross-examination,' including limits based on 'harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.'") (citations omitted). *See also* United States v. Lockhart, 844 F.3d 501 (5th Cir. 2016) (Fifth Circuit held that the district court's exclusion of evidence that victim was a prostitute before defendant's involvement with her did not violate defendant's right to a defense and to cross-exam the witness).

With respect to a sex trafficking offense under §1591(a), the government must prove through the four victim witnesses that the defendants "'kn[ew] that force, fraud, or coercion' would be used to cause [the witnesses] to engage in a commercial sex act." United States v. McIntyre, 612 Fed.Appx. 77, 78-79 (3d Cir. 2015). Threats of force or coercion is defined for purposes of §1591(a) to include "'threats of serious harm to or physical restraint against any person,' and 'any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person.'" Id. at 80.

Defendants argue that the alleged prior and subsequent commercial sex acts of the four witnesses are relevant to show that their prostitution-related acts were consensual and not forced by defendants and, that they were not compelled to engage in prostitution to avoid "serious harm." They also state that the stated evidence shows the women freely consented to engage in prostitution and that no threats or coercion was required based on the witnesses' prior and later performance of commercial sex acts. Further defendants state that the evidence will show S.P. recruited the other three women to work as prostitutes for her and, that she advertised their services on the internet and other media. Defendants state that this evidence will show S.P. was not a victim and that the other women did not have to be forced by them to work as prostitutes, which is an element of the §1591(a) charge. In particular, defendants state that the evidence of the alleged prior and subsequent prostitution activities of the four women shows that they engaged

6

in prostitution for the financial gain and not because defendants forced and coerced them to do so. Defendants also point out that M.M. had previously worked as a prostitute with a pimp named "Young" or "Forty" and that is how they met her.

The government relies, in part, on *Williams, supra*.[2] In *Williams*, the defendant "contend[ed] that the District Court's exclusion of evidence concerning [the victim witness'] prior years of prostitution in accordance with Fed.R.Evid. 412 deprived him of the right to present a defense under the Fifth and Sixth Amendments to the Constitution." 666 Fed.Appx. at 200.

In Williams, id. at 201, the Third Circuit stated:

> Other courts of appeals in precedential opinions have upheld the exclusion of evidence of an individual's prior acts of prostitution in trials for commercial sex trafficking notwithstanding defendants' arguments similar to those that Williams advances here. These opinions have held either that the evidence is irrelevant in the context of the circumstances in which it was offered or that its relevance is so outweighed by its prejudicial effect with respect to the victim that its exclusion does not violate a defendant's constitutional rights. *See* United States v. Gemma, 818 F.3d 23, 34 (1st Cir. 2016), [*cert. denied* 137 S.Ct. 410 (2016)] (holding that evidence of prior acts of prostitution "is either entirely irrelevant or of such slight probative value in comparison to its prejudicial effect that a decision to exclude it would not violate [the defendant's] constitutional rights"); United States v. Rivera, 799 F.3d 180, 186 (2d Cir. 2015) (holding that evidence of women's prior prostitution was irrelevant as it "does not suggest that appellants did not later threaten them with violence or deportation

---

[2] *Williams* is a non-precedential Third Circuit case. The Third Circuit has not issued a precedential decision on the admissibility of a victim-witness's prior and subsequent prostitution activity in a case where the defendant is charged with sex trafficking under §1591(a).

> in order to coerce them into commercial sex"); Roy, 781 F.3d at 420 (holding that prior acts of prostitution are irrelevant to "whether [the defendant] beat her, threatened her, and took the money she made from prostitution in order to cause her to engage in commercial sex"); United States v. Cephus, 684 F.3d 703, 708 (7th Cir. 2012) (holding that testimony about a victim's prior prostitution to show that she was not coerced or deceived into working for the defendant was irrelevant because it would not show "that she consented to be beaten and to receive no share of the fees paid by the johns she serviced" or "suggest that [the defendant] didn't beat and threaten her").

(footnote omitted).

Ultimately, the Third Circuit in *Williams*, did not decide whether the district court erred by prohibiting the evidence regarding the victim's prior acts as a prostitute since the court found that it was harmless because the victim admitted that she was a prostitute for 12 years before she became involved with defendant and that she acted voluntarily as a prostitute for defendant.

Although the Third Circuit has not decided the issue presented herein under FRE 412, this court concurs with the appellate courts cited in *Williams* as well other cases in which the courts have ruled on this issue, namely: Untied States v. Carson, 870 F.3d 584 (7th Cir. 2017), *cert. denied*, 138 S.Ct. 2011 (2018); United States v. Mack, 808 F.3d 1074 (6th Cir. 2015); U.S. v. Elbert, 561 F.3d 771 (8th Cir. 2009); U.S. v. Chin, 606 Fed.Appx. 538 (11th Cir. 2015); U.S. v. Valenzuela, 495 Fed.Appx. 817 (9th Cir. 2012).

Additionally, in United States v. Thompson, 178 F.Supp. 3d 86, 90 (W.D.Pa. 2016), defendant was charged with sex trafficking under §1591(a) and the court granted the government's motion in limine prohibiting the

8

defendant "from introducing or eliciting evidence of the victims' pre- and post-indictment sexual behavior, including prostitution." The court found that defendant's Fifth and Sixth Amendments rights were not violated by preventing defendant from offering evidence related to the sexual activity of the victim witnesses before and after the time period at issue in the indictment. Specifically, the court found that defendant's Fifth Amendment right to present a defense under the Due Process Clause would not be violated since the evidence about prior and subsequent sexual behavior and prostitution by the victims is irrelevant to the charge in the indictment and "the Due Process Clause does not give a criminal defendant the right to introduce irrelevant evidence." Id at 91.

The court in Thompson, id. at 92, then explained as follows:

Evidence of the victims' pre- and post-indictment sexual behavior would be irrelevant (and, therefore, inadmissible) in this case because it does not tend to "make ... more or less probable" any fact which the Government must prove under 18 U.S.C. §1591(a). Fed. R. Evid. 401. To prove its sex trafficking charges, the Government must show, among other things, that the Defendant recruited, enticed, harbored, transported, provided, obtained, advertised, maintained, patronized, or solicited each of the victims, while knowing (or recklessly disregarding) "that means of force, threats of force, fraud, coercion ... or any combination of such means [would] be used to cause" the victims "to engage in a commercial sex act." 18 U.S.C. §1591(a).

The victims' pre- and post-indictment sexual behavior is irrelevant to, and therefore "does not provide a defense" for, what the Government must prove under § 1591(a). United States v. Elbert, 561 F.3d 771, 777 (8th Cir. 2009). Put another way, whether the victims "engaged in acts of prostitution before or after their [alleged] encounters with [the Defendant] ... would only prove

9

other people may be guilty of similar offenses of recruiting, enticing, or causing these victims to engage in a commercial sex act." Id. at 777 (emphasis added). To be sure, the Defendant may introduce or elicit evidence concerning whether Victims 1 and 2 engaged in prostitution (during the time period at issue) of their own volition, and not as a result of "force, threats of force, fraud, coercion ... or any combination of such means." §1591(a). But the Defendant may not attempt to show that Victims 1 and 2 voluntarily engaged in prostitution based on the fact that they allegedly engaged in prostitution before and after the events giving rise to this case.

(footnotes omitted).

The court in Thompson, id. at 92, also explained why defendant's right to confront witnesses under the Sixth Amendment was not violated based on the court's discretion to impose reasonable limits on cross-examination. The court in Thompson, id. at 93-94, then discussed the Confrontation Clause in the context of Rule 412 and stated as follows:

> "The Confrontation Clause guarantees a criminal defendant the right to cross-examine government witnesses at trial" by, among other means, testing "'the believability of a witness and the truth of his testimony.'" United States v. Figueroa, 548 F.3d 222, 227 (2d Cir. 2008) (citing Davis v. Alaska, 415 U.S. 308, 316, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974)). There are, of course, many ways of impeaching a witness, such as by "revealing possible biases, prejudices, or ulterior motives of the witnesses as they may relate directly to issues or personalities in the case at hand." Id. (citations omitted). A district court, however, has discretion to "impose reasonable limits on such cross-examination." Id. (citations omitted). And a district court's exercise of this discretion, within reasonable limits and for legitimate reasons, is entirely consistent with the Confrontation Clause. Thus, district courts "retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on ... cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witnesses' safety, or

interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

One such "reasonable limit" is to prohibit the Defendant from cross-examining sex trafficking victims about acts of prostitution that are unrelated to the charges in the superseding indictment. This is for the simple reason, implicit in Rule 412, that the "unchastity of a victim has no relevance whatsoever to the victim's credibility as a witness." Elbert, 561 F.3d at 777 (citations and brackets omitted). Moreover, to the extent that prior acts of prostitution resulted in criminal convictions which might provide a basis for impeachment under Rule 609, Rule 412(a)'s prohibition trumps the Defendant's ability to impeach the victims with those convictions. *See* 1994 ACN ("Evidence, which might otherwise be admissible under Rules ... 608 [and] 609 ... must be excluded if Rule 412 so requires.") Importantly, prohibiting the Defendant from attempting to impeach the victims with evidence protected by Rule 412(a) does not mean that the Defendant cannot attempt to impeach the victims at all; it simply means that certain areas of impeachment are off-limits. This limit does not violate the Confrontation Clause, which guarantees only "an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." Delaware v. Fensterer, 474 U.S. 15, 20, 106 S.Ct. 292, 88 L.Ed.2d 15 (1985) (per curiam) (emphasis in original).

Finally, the court in Thompson, id. at 93, stated that "even if Rule 412(a) did not prohibit the Defendant from impeaching the victims with prior prostitution-related convictions, the impeachment value of such evidence would be substantially outweighed by unfair prejudice and embarrassment to the victims." (citations omitted).

As such, the court in Thompson, id. at 94, found that the exception under FRE 412(b)(1)(c) did not apply and defendant's constitutional rights were not violated by barring any evidence of the victims' pre and post-

11

indictment sexual activity.

This court concurs with the well-reasoned rationale of the *Thompson* Court with respect to its analysis and conclusions that a defendant's Fifth and Sixth Amendment rights are not violated by precluding the defendant from offering evidence or testimony that the victims engaged in prostitution before and after the conspiracy charged in the indictment. *See also* United States v. Overton, 2017 WL 6347084105, *6-*7 (W.D.N.Y. Dec. 13, 2017); Gemma, 818 F.3d at 34 (the First Circuit found no error with the district court's refusal to direct the government to provide defendant with additional evidence about one of its victim-witness' prior prostitution in a case in which defendant was charged under §1591(a), and found that the decision to exclude it "would not violate [defendant's] constitutional rights.").

Therefore, the court will deny defendants' motion in limine under FRE 412 and not allow them to introduce any evidence or testimony of alleged prior and subsequent prostitution and commercial sex acts by M.F., S.P., M.M., and K.E., since the exclusion of this evidence in this case will not violate defendants' constitutional rights under the Fifth and Sixth Amendments to present a complete defense and to cross-exam the government's witnesses. The probative value of such evidence in this case is also outweighed by the prejudicial effect of it and the harm to the victim-witnesses. Although defendants argue that this evidence relates directly to their defense to the sex trafficking charge under §1591(a), the court finds that they can still cross-exam the women as well as all of the government's witnesses and

present other evidence, including the witnesses's acts of prostitution during the conspiracy charged in the TSI. Defendants will also be able to cross-examine the women regarding whether they were forced or coerced to engage in commercial sex acts during the conspiracy. However, defendants will not be allowed to present any evidence and testimony regarding prostitution acts that the women allegedly engaged in prior to and subsequent to the conspiracy charged in the TSI. These alleged commercial sex acts by the witnesses outside of the scope of the indictment are not directly related to defendants and the charges against them. To allow such evidence and testimony, including the witnesses' prior and subsequent arrests and convictions related to prostitution referenced in defendants' brief, would result in a mini-trial placing the four victim witnesses on trial for their alleged stated acts related to prostitution shifting the focus of the case from the defendants to the witnesses themselves. *See* Untied States v. Maynes, 880 F.3d 110, 115 (4th Cir. 2018) (Fourth Circuit found that district court properly limited defendant's cross-examination in a sex trafficking case regarding the prior prostitution activities of the government's victim witnesses. The court found that "the possibility of subjecting the victims to a mini-trial was certainly real" and that "the focus of the trial would shift from [defendant's] activity to the victims' past lives").

## IV.  CONCLUSION

Based on the foregoing, the court will **DENY** defendants' motion in

limine to allow them to introduce prior and subsequent prostitution activities by the government's victim witnesses under FRE 412. (Doc. 730). An appropriate order will issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 7, 2018**
O:\Mannion\shared\MEMORANDA - DJ\CRIMINAL MEMORANDA\2015 CRIMINAL MEMORANDA\15-0214-06.wpd